IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| ROY SPENCER GARY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | COMPLAINT & JURY DEMAND |
| | § | |
| ADS SPORTS EYEWEAR, LLC and | § | |
| DAVID DUMAIS | § | Civil Action No. **3:16-cv-00577** |
| | § | |
| Defendants. | § | |
| | § | |

Plaintiff Roy Spencer Gary files this Original Complaint against Defendants ADS Sports Eyewear, LLC and David Dumais, for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. §201 *et seq.* ("FLSA") and alleges as follows:

## I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at the rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne,* 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. Plaintiff was a nonexempt "web supervisor," for Defendants. Defendants failed to pay Plaintiff in accordance with the Fair Labor Standards Act. Specifically, Plaintiff was not paid for all hours worked in excess of forty hours in a week at a rate of one and one-half times his regular rate of pay. This action seeks to recover the unpaid overtime wages and other

damages owed to Plaintiff.

## II. PARTIES

3. Plaintiff Roy Spencer Gary is an individual who resides in Dallas County, Texas. Mr. Gary was employed by Defendants within the meaning of the FLSA during the three-year period preceding the filing of his Original Complaint.  Mr. Gary was paid on an hourly basis and regularly worked more than forty hours in a workweek without receiving overtime pay for the hours worked off the clock.

4. Defendant ADS Sports Eyewear, LLC ("ADS") is a Texas limited liability company, with its principal place of business at 401 W. President George Bush Hwy., #125, Richardson, Dallas County, Texas 75080 that can be served with process through its registered agent, David Dumais, 2701 Sherril Park Drive, Richardson, Texas 75082 or wherever Mr. Dumais be found.

5. Defendant David Dumais is the owner and president of ADS and ran and continues to run the significant day-to-day operations of ADS. David Dumais can be served with process at his place of residence located at 2701 Sherril Park Drive, Richardson, Texas 75082 or wherever he may be found

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. §1331.

7. Venue is proper in this District, pursuant to Title 28 U.S.C. § 1391(b) and (d) and Title 29 U.S.C. § 206 *et. seq*., because the events forming the basis of the suit occurred in this District and Defendants have substantial and systematic contacts in this District.

## IV. COVERAGE

8. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

9. At all times hereinafter mentioned, Defendants have been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d).

10. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. §203(r).

11. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## V. FACTUAL ALLEGATIONS

13. Defendants have run and continue to run an eyewear business and an online dating application known as Flutterate, and are headquartered in two locations in Richardson and Plano, Texas. Defendants earn over $500,000.00 per year in gross sales.

14. Plaintiff worked with Defendants beginning on or about March 3, 2014 through October 15, 2015.

15. Defendants controlled all aspects of Plaintiff's work. Defendants assigned Plaintiff's jobs and his schedule. Defendants required Plaintiff to adhere to a schedule Defendants assigned to him. Defendants also dictated the manner in which Plaintiff performed his job duties and how much Plaintiff was to be paid for performing his duties as a web supervisor at Defendants.

16. As a web supervisor, Plaintiff's primary duties included website programming and developing Defendants' web presence. While a web supervisor, Plaintiff regularly worked on the Internet, which constitutes a channel of interstate commerce.

17. Plaintiff routinely worked over 40 hours per week. However, he was not properly paid minimum wage or overtime for all hours he worked in excess of 40 hours every week in which he worked. Defendants knew that Plaintiff worked in excess of 40 hours per week and it allowed and directed him to do so.

18. Upon information and belief, Defendants directed or suffered and permitted Plaintiff to work without being paid appropriate compensation for hours worked.

19. Upon information and belief, Defendants knew that Plaintiff performed work that required payment of overtime.

20. Defendants knowingly, willfully, or with reckless disregard failed to pay overtime compensation with respect to Plaintiff because Plaintiff confronted Defendant David Dumais regarding pay issues on multiple occasions, without an adequate resolution.

## VI. CAUSE OF ACTION: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

21. During the relevant period, Defendants violated the provisions of the FLSA, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed. Defendants have acted willfully in failing to pay Plaintiff in accordance with the law.

22. Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three years preceding the date of filing of this Complaint because Defendants acted willfully.

23. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and/or omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

## VII. RELIEF SOUGHT

24. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he recover from Defendants, the following:

   A. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

   B. All unpaid wages and overtime compensation;

   C. An equal amount as liquidated damages as allowed under the FLSA;

    D.    Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA;

    E.    Pre-judgment and post-judgment interest at the highest rates allowed by law; and such other relief as to which Plaintiff may show himself justly entitled.

### VIII. DEMAND FOR JURY TRIAL

25.    Plaintiff hereby demands a jury trial on all claims so triable in this action.

Dated: <u>  March 2, 2016  </u>.        Respectfully Submitted,

**JACKSON ALLEN & WILLIAMS, LLP**

<u>/s/ John H. Allen, III</u>
John H. Allen, III, Esq. - Trial/Lead Counsel
tallen@jacksonallenfirm.com
Jennifer Williams, Esq.
jwilliams@jacksonallenfirm.com
3838 Oak Lawn Ave., Suite 1100
Dallas, Texas 75219
(214) 521-2300
(214) 528-7755 (Facsimile)

**ATTORNEYS FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I certify that on this 2nd day of March 2016, a true and correct copy of Plaintiffs' Original Complaint & Jury Demand was electronically filed on the CM/ECF system. A copy of this lawsuit will be served on Defendants in accordance with the Federal Rules of Civil Procedure.

<u>/s/ John H. Allen, III</u>
John H. Allen, III, Esq.